UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BALZARINI,<br><br>    Plaintiff,<br><br>v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:19-cv-2112 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.    Three Strikes Analysis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF No. 5. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).

Inspection of other cases filed by plaintiff has led to the identification of at least five civil actions or appeals brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Balzarini v. Hirsch, E.D. Cal. No. 1:00-cv-6736 OWW NEW (case dismissed for failure to state a claim on March 28, 2001);

2. Balzarini v. Schwarzenegger, N.D. Cal. No. 3:07-cv-2800 MHP (case dismissed for failure to state a claim on November 19, 2010);

3. Balzarini v. Gooright, N.D. Cal. No. 3:09-cv-1796 MHP (case dismissed for failure to state a claim on October 7, 2009);[2]

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Some of the claims in Balzarini v. Gooright were dismissed for failure to state a claim because they were barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Heck bar was clear on the face of the complaint because plaintiff stated that he had been found guilty and sentenced to sixty-five years to life (Goodright, ECF No. 6 at 16) and that portion of the complaint was fully (continued)

2

4. Balzarini v. Cambria, 9th Cir. 05-15643 (affirmed district court's revocation of in forma pauperis status because the appeal was not taken in good faith, dismissed for failure to pay the filing fee on August 17, 2005);[3]

5. Balzarini v. Ulit, 9th Cir. No. 15-16530 (appeal found to be frivolous, dismissed for failure to pay the filing fee on February 25, 2016).

All of the preceding cases were dismissed well in advance of the October 8, 2019 filing of the instant action,[4] and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

////

---

dismissed under Heck because plaintiff was seeking damages and injunctive relief in the form of a DNA test, and such relief does not sound in habeas. See Skinner v. Switzer, 562 U.S. 521, 525 (2011) ("In no event will a judgment that simply orders DNA tests 'necessarily impl[y] the unlawfulness of the State's custody.'" (alteration in original) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81 (2005))). The remainder of the complaint was also dismissed for a qualifying reason under the PLRA. Dismissal therefore counts as a strike. Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1055-57 (9th Cir. 2016) (dismissal under Heck counts as a strike where the bar is clear on the face of the complaint and all claims are dismissed for a qualifying reason under the PLRA).

[3] When the Ninth Circuit relies on the district court's certification that appeals are not taken in good faith, the dismissed appeals "clearly count as strikes" because "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) (citing Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)).

[4] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

The complaint alleges that staff at Mule Creek State Prison retaliated against plaintiff in various ways, such as confiscating his property and writing him up for rules violations, from September 2017 to an unspecified date. ECF No. 1 at 5-18. The complaint was not filed until October 8, 2019, at which point plaintiff was housed at the California Institution for Men. Id. at 1, 24. Accordingly, these allegations do not demonstrate an imminent risk of serious physical injury at the time of filing and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II. Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. Because your claims are based on things that happened approximately two years before you filed your complaint and at a different prison, you cannot show that you were in imminent danger of serious physical injury at the time you filed the complaint.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 9, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE